**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-20797**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**FRANK C. CIHAK,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CR-27-1)

---

August 15, 1996

Before REYNALDO G. GARZA, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Frank Cihak appeals the district court's denial of his motion to dismiss Count I of the indictment against him on double jeopardy grounds. Finding that the indictment charges a separate offense than the conspiracy for which he was previously convicted, we affirm the district court's denial of the

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

motion to dismiss.

Cihak was charged in Count I of a 48 count indictment with conspiracy (18 U.S.C. § 371) (1) to commit bank fraud (§§ 1344 and 1346) and wire fraud (§ 1343); (2) misapply bank funds (§ 656); (3) to make false entries in bank books and records (§ 1005); (4) to receive unlawfully converted money (§ 2315); and (5) to conduct financial transactions with proceeds of a specified unlawful activity (§ 1956(a)(1)(A)(i)).

Cihak moved to dismiss Count I, arguing that it violated his double jeopardy rights because he had already been indicted for and convicted of the same conspiracy offense in 1993. *See United States v. Allen*, 76 F.3d 1348 (5th Cir. 1996). The district court denied the motion, saying:

> I am persuaded that although the conspiracies charged in [United States v. Allen, 76 F.3d 1348] and in the instant case are somewhat related, the Indictments in the two cases nevertheless do not charge a single conspiracy. Instead, they charge two separate conspiracies.
>
> Although no single factor is determinative, I reach this conclusion because the only overlapping co-conspirator in the two cases is Mr. Cihak; and because the overt acts alleged in the two cases are different and because the actions of the separate conspiracies alleged in the other case did not advance the conspiracy alleged in this case and vice versa. I also note that there are some differences in the time of the conspiracies alleged, the statutory offenses alleged and the places where the conspirators operated.
>
> I conclude that the defendant has not presented a prima facie non-frivolous claim of double jeopardy, and alternatively I conclude that

2

if he has, the Government has rebutted the Defendant's claim.

"The essential issue in the double jeopardy analysis respecting conspiracy is whether one, or more than one, agreement existed." *United States v. Deshaw*, 974 F.2d 667, 673 (5th Cir. 1992) (footnote and citation omitted). To determine whether a previous conspiracy conviction involves the "same offense" as a subsequently charged conspiracy, we consider five factors:

> (1) time, (2) persons acting as co-conspirators, (3) the statutory offenses charged in the indictments, (4) the overt acts charged by the government or any other description of the offense charged which indicates the nature and scope of the activity which the government sought to punish in each case, and (5) places where the events alleged as part of the conspiracy took place.

*United States v. Marable*, 578 F.2d 151 (5th Cir. 1978). When applying the *Marable* analysis, no one factor is determinative; instead, we must look at all five factors in combination. *United States v. Atkins*, 834 F.2d 426, 432-33 (5th Cir. 1987), *overruled on other grounds*, 933 F.2d 325 (5th Cir. 1991).

After reviewing the indictments in both cases, the record, and the briefs of the parties, we determine that the district court did not err in denying Cihak's motion to dismiss Count I of the indictment on double jeopardy grounds. We agree with the district court "that although the conspiracies charged in [the two indictments] are somewhat related, the Indictments in the two cases nevertheless do not charge a single conspiracy. Instead, they

3

charge two separate conspiracies." Accordingly, the order of the district court is

**AFFIRMED.**